UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEVEN A. SWAN, Plaintiff<br><br>v.<br><br>PAUL J. BARBADORO, ET AL., Defendants | ) | RI C.A. No. 05-491T<br>NH C.A. No. 05-401ECT |

PLAINTIFF'S ANSWER TO SHOW CAUSE ORDER

I, Steven A. Swan, the incarcerated, pro se Plaintiff in this case, hereby answer this Court's Show Cause Order of January 17, 2006 as follows:

1. On January 17, 2006, this Court issued a Show Cause Order ordering me on or before February 15, 2006 to show cause, in writing, why the case should not be dismissed for lack of prosecution, namely for failure to serve the named defendants with the complaint in this matter.

2. This case originated in the U.S. District Court for the District of New Hampshire by me filing on November 14, 2005, a copy of the complaint and the proposed summonses with the clerk for the clerk's signature and seal pursuant to Fed. R. Civ. P. 4(b). Fed. R. Civ. P. 4(c)(1) then states in relevant part that--

   > (1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) . . .

3. However, because one of the named defendant's in the case is a sitting New Hampshire district court judge, all of the judges, including the magistrate judge, have recused themselves from the case. The case was then transferred to the U.S. District

Court for the District of Rhode Island.

4. Local Civil Rule 77.5 of the District of New Hampshire ("Agreement with Districts of Rhode Island and Maine") states in relevant part that --

> (a) In General
> (1) The originating court shall retain jurisdiction over the case and enter final judgment. Local rules of the originating court shall govern the case unless otherwise ordered by the judge who is presiding by designation.

Since the judge who is presiding by designation over this case has not ordered otherwise, the local rules of the originating court shall govern this case.

5. Local Civil Rule 4.3(d)(2) which pertains to incarcerated plaintiff's proceeding pro se states in relevant part--

> (2) Incarcerated Plaintiffs. The clerk's office shall forward initial filings and any subsequent attachments to those filings by inmates to the magistrate judge for preliminary review . . . After the initial review, the magistrate judge may: . . .
> (C) . . . pursuant to Fed. R. Civ. P. 4(b), order the clerk's office to issue summons(es) against the adverse party if the inmate paid the filing fee, in which event the action shall proceed as all other actions.

6. Since no one as of yet has preliminarily reviewed my initial filings and ordered the clerk's office to issue summonses against the adverse parties, I have not yet served the named and unnamed defendants with copies of the complaint.

Dated: January 19, 2006

Respectfully submitted,

Steven A. Swan

Steven A. Swan, pro se
00259-049 Camp
Federal Medical Center, Devens
P.O. Box 879
Ayer, MA 01432