UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

STEVEN A. SWAN,
        plaintiff,

v.                                                        RI C.A. No. 05-491 T
                                                           NH C.A. No. 05-401 ECT

PAUL J. BARBADORO,
ET AL.,
        defendants.

### Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

Steven A. Swan ("Swan" or "plaintiff"), *pro se*, filed this action on November 14, 2005 pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). On January 17, 2006, Chief U.S. District Judge Ernest C. Torres, sitting by designation, issued an order to the plaintiff to show cause, in writing, why this case should not be dismissed for lack of prosecution, namely, for plaintiff's failure to serve any of the named defendants. Plaintiff provided a response to the show cause order. This matter has been referred to me for a report and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (f). For the reasons that follow, I find that the plaintiff has not shown cause. Additionally, I find that plaintiff's amended complaint fails to state a claim upon which relief can be granted. Accordingly, I recommend dismissal of the amended complaint.

### Discussion

Plaintiff filed this action on November 14, 2005 and named as defendants U.S. District Judge Paul J. Barbadoro, his court reporter Celeste A. Quimby, William E. Morse and James Chapman,

1

federal prosecutors, Thomas P. Coluntuono, the U.S. Attorney for the District of New Hampshire, and an unknown Circuit Judge from the U.S. Court of Appeals for the First Circuit. Plaintiff, however, did not timely serve any named defendant. Accordingly, Judge Torres issued an order for the plaintiff to show cause why this case should not be dismissed. Plaintiff has provided a response.

In his response to the show cause order, plaintiff first asserts that the Local Rules for the District of New Hampshire are applicable in this case. New Hampshire Local Rule 77.5 provides, in pertinent part, that the "[l]ocal rules of the originating court shall govern the case unless otherwise ordered by the judge who is presiding by designation." N.H. LR 77.5(a)(1). A similar provision exists in Local Rules of the District of Rhode Island. See DRI LR Gen. 106(a). Here, Chief Judge Torres has not issued any order indicating that the Rhode Island Local Rules apply in this matter. Thus, plaintiff correctly identifies the Local Rules of the District of New Hampshire as the applicable Local Rules in this case.

Next, plaintiff admits in his response to the show cause order that he has not served the named defendants and cites as a basis for his failure to serve N.H. LR 4.3(d)(2). N.H. LR 4.3(d) provides, in pertinent part:

> **(2) Incarcerated Plaintiffs.** The clerk's office shall forward initial filings and any subsequent amendments to those filings by inmates to a magistrate judge for preliminary review, whether or not a filing fee has been paid, pursuant to 28 U.S.C. 1915A(a). After the initial review, the magistrate judge may:
>> (A) report and recommend to the court that the filing, or any portion of the filing, be dismissed because:
>>> (i) the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915(A)(b); or
>>> (ii) it fails to establish subject matter jurisdiction under Fed.R.Civ.P.

2

>  12(b)(1);
> (B) grant the party leave to file an amended filing in accordance with the magistrate[] [judge's] directives; or
> (C) pursuant to Fed. R. Civ. P. 4(c)(2), appoint a person to effect service if the incarcerated person is proceeding in forma pauperis, or pursuant to Fed. R. Civ. P. 4(b), order the clerk's office to issue summons(es) against the adverse party in the inmate paid the filing fee, in which event the action shall proceed as all other actions.

N.H. LR 4.3(d)(2).

Plaintiff claims that "[s]ince no one as of yet has preliminary reviewed [his] initial filings and ordered the clerk's office to issue summonses" he has not served the any defendant. Plaintiff's Answer to Show Cause Order, p. 2. While plaintiff accurately identified the applicable local rules, plaintiff's reliance on N.H. LR 4.3(d) as some sort of safe haven for his failure to serve is misplaced.

N.H. LR 4.3(d)(2) provides the magistrate judge "may" order the clerk's office to issue summonses. It does not indicate that the magistrate judge "shall" order the clerk's office to issue summonses. Indeed, Fed.R.Civ.P. 4(c) places the burden on the plaintiff to secure service on the defendants, see Fed.R.Civ.P. (c), and this includes gathering whatever paperwork is needed to secure service, including copies of the complaint and summonses. See Fed.R.Civ.P. 4(b) and (c). It is not this Court's chore, nor the clerk's office, to ensure that the plaintiff secures service of process. Thus, plaintiff's reliance on N.H. LR 4.3(d)(2) is without merit.

Also notable, no court records suggest that plaintiff filed any motion for any type of assistance for the service of process, such as a motion for service of process by a U.S. Marshal or a constable. And it appears that the plaintiff has not paid the filing fee required in all civil cases nor has he filed a motion to proceed *in forma pauperis*.

In any event, plaintiff has presented no valid reason for his lack of prosecution of this matter.

It is plaintiff's responsibility to secure service of process on the named defendants within the time provided in the Fed.R.Civ.P. 4(m). This he has not done, and he has not provided any valid reason for not complying with the Federal Rules of Civil Procedure. Accordingly, I find that the plaintiff has not demonstrate cause and this matter should be dismissed.

Notwithstanding plaintiff's failure to show cause, I find a separate, independent basis for the dismissal of this matter. In his amended complaint, plaintiff alleges a federal court jury convicted him of criminal offenses. Plaintiff alleges that the named defendants here - the federal judge that presided at his trial, the court reporter, and federal prosecutors in his criminal matter, denied him his right to counsel in violation of the Sixth Amendment and violated his right to due process under the Fifth Amendment. Plaintiff also claims that an unknown First Circuit Court of Appeals judge refuses to rule on a motion he filed in that venue, in his criminal appeal, in violation of his due process rights.

Section 1915A of Title 28 of the United States Code directs the Court to review prisoner complaints before docketing or soon thereafter to identify cognizable claims or dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A; See also 28 U.S.C. § 1915(e)(2). Pursuant to this directive, I find that the amended complaint fails to state a claim upon which relief can be granted.

Plaintiff alleges essentially that constitutional errors occurred at his trial, sentencing, and on-going criminal appeal, and, as a result, his conviction and/or sentence in unlawful. However, when filing an Section 1983 or Bivens action alleging an unconstitutional conviction, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a tribunal authorized to make such determination, or called into question by a court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487, 114 S.Ct. 2364, 2372-3 (1994). An inmate's civil rights claim "is barred (absent prior invalidation)– no matter the relief sought ..., no matter the target of the prisoner's suit ...– if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct 1242 (2005).

Here, neither plaintiff's conviction nor his sentence has been invalidated. A decision in this matter that the plaintiff's constitutional rights were violated during his trial, sentencing or appeal would necessarily call into question the validity of his conviction or sentence. That is something that this Court cannot do here. See id. Accordingly, I find that plaintiff's amended complaint fails to state a claim upon which relief can be granted and should be dismissed. I so recommend.

## Conclusion

For the reasons set forth above, I recommend that plaintiff's amended complaint be dismissed. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b). Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
April 4, 2006