UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| STEVEN A. SWAN, Plaintiff<br><br>v.<br><br>PAUL J. BARBADORO, ET AL., Defendants | NH C.A. No. 05-401ECT<br>RI C.A. No. 05-491T |

PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION
OF SENIOR MAGISTRATE JUDGE JACOB HAGOPIAN

I, Steven A. Swan, the incarcerated plaintiff in this action, proceeding pro se, hereby object to Senior Magistrate Judge Hagopian's Report and Recommendation of April 4, 2006 as follows:

1. On November 14, 2005, I filed the Complaint and Petition for Declaratory and Further Relief in this action with the clerk of the U.S. District Court for the District of New Hampshire. I also submitted proposed summonses to the clerk for his signature and seal so that I could serve them upon the named defendants.
2. Because one of the named defendants was a sitting judge of that court, all of the other judges recused themselves from the case and it was transferred to the U.S. District Court for the District of Rhode Island.
3. On January 17, 2006, Chief U.S. District Judge Ernest C. Torres (District of Rhode Island) issued an order to me to show cause why this case should not be dismissed for lack of prosecution because of my purported failure to serve process on any of the named defendants.

4. On January 19, 2006, I responded to Judge Torres Show Cause Order by explaining that I had not yet served the named defendant's with copies of the Complaint and Petition for Declaratory and Further Relief because the clerk had not yet signed and sealed the summonses pursuant to Fed. R. Civ. P. 4 and New Hampshire Local Rule 4.3(d)(2) and returned them to me to serve upon the named defendants. ("Since no one as of yet has preliminarily reviewed my initial filings and ordered the clerk's office to issue summonses against the adverse parties, I have not yet served the named defendants with copies of the complaint." Plaintiff's Answer to Show Cause Order, ¶ 6.)

5. On page 3 of his Report and Recommendation, Senior Magistrate Judge Hagopian states--

> plaintiff's reliance on N.H. LR 4.3(d) as some sort of safe haven for his failure to serve is misplaced.
>
> N.H. LR 4.3(d)(2) provides the magistrate judge "may" order the clerk's office to issue summonses. It does not indicate that the magistrate judge "shall" order the clerk's office to issue summonses. Indeed, Fed.R.Civ.P. 4(c) places the burden on the plaintiff to secure service on the defendants, see Fed.R.Civ.P.(c) (sic), and this includes gathering whatever paperwork is needed to secure service, including copies of the complaint and summonses. See Fed.R.Civ.P. 4(b) and (c). It is not this Court's chore, nor the clerk's office, to ensure that the plaintiff secures service of process. Thus, plaintiff's reliance on N.H. LR 4.3 (d)(2) is without merit.
>
> Also notable, no court records suggest that plaintiff filed any motion for any type of assistance for the service of process, such as a motion for service of process by a U.S. Marshal or a constable.

6. However, I believe that Senior Magistrate Judge Hagopian has misinterpreted my response to Judge Torres' Show Cause Order. When

I stated--

> Since no one as of yet has preliminarily reviewed my initial filings and ordered the clerk's office to issue summonses against the adverse parties, I have not yet served the named and unnamed defendants with copies of the complaint

I was not stating that I had not yet served the defendants because I had expected the clerk's office to effect service of process upon them; rather, I was stating that I had not yet served them because a magistrate judge had not yet preliminarily reviewed my pleadings and ordered the clerk to sign and seal the summonses and then return them to me so that I could serve them.

7. Fed. R. Civ. P. 4(a) states in relevant part--

> The summons shall be signed by the clerk, bear the seal of the court,. . .

Fed. R. Civ. P. 4(b) states in relevant part--

> Upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant.

Fed. R. Civ. P. 4(c)(1) states in relevant part--

> (1) A summons shall be served together with a copy of the complaint.

8. New Hampshire Local Rule 4.3 (which I reproduced in paragraph 5 of my Answer to Judge Torres' Show Cause Order) states in relevant part that after the preliminary review of the initial filings by a magistrate judge, the magistrate judge may order the clerk's office to issue the summons(es) against the adverse party if the inmate paid the filing fee. When I reproduced that portion of the local in my answer to Judge Torres' Show Cause Order, I was

not alleging that I expected the clerk's office to effect service of process on my behalf; rather, I meant that I was waiting for a magistrate judge to sign and seal the proposed summonses and return them to me so that I could serve them on the known defendants. Because no magistrate judge ever ordered the clerk to sign and seal the proposed summonses and return them to me, I was precluded from being able to serve them.

9. Senior Magistrate Judge Hagopian then states in his Report and Recommendation--

> And it appears that the plaintiff has not yet paid the filing fee required in all civil cases nor has he filed a motion to proceed in forma pauperis.

However, Docket Entry # 1 in the New Hampshire District Court (where this action originated) clearly shows that the $250.00 filing fee was paid by me and that the receipt number is 028059. Because the filing fee was paid, a magistrate judge should have preliminarily reviewed my Amended Complaint and Petition for Declaratory and Further Relief and ordered the clerk to sign and seal the proposed summonses and return them to me to serve upon the known defendants pursuant to New Hampshire Local Rule 4.3(d)-(2)(c). Because this was not done, I was precluded from being able to effect service of process on the defendants. Therefore, Senior Magistrate Judge Hagopian's recommendation that this action be dismissed for lack of prosecution by me should be denied. I have clearly demonstrated why I was precluded from being able to prosecute this case.

10. There are a number of other errors and/or misrepresentations in Senior Magistrate Judge Hagopian's Report and Recommendation. For instance, in the very first sentence he states that I filed this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). However, Senior Magistrate Judge Hagopian neglects to mention that this action was also brought pursuant to 28 U.S.C. §§ 2201 and 2202 in petition for declaratory and further relief and pursuant to 42 U.S.C. §1985(2) and (3) for conspiracy to interfere with my civil rights. Nowhere in his Report and Recommendation are these jurisdictional bases even addressed, much less used as a basis for a report and recommendation. At the very least, this action should be allowed to proceed on these other jurisdictional bases, or, in the alternative, the Report and Recommendation should be remanded back to Senior Magistrate Judge Hagopian to address these other jurisdictional bases.

11. In his Report and Recommendation, Senior Magistrate Judge Hagopian goes on to opine that there is a separate, independent basis for the dismissal of this matter based upon the Bivens jurisdictional basis. That basis is that before a plaintiff or an incarceree can bring a civil rights action challenging his conviction or sentence, his conviction or sentence must have been first invalidated by an authorized entity. However, a prerequisite of this type would make a mockery of the whole concept of justice and equity in the federal judicial system. I have already been illegally incarcerated for over twenty-one (21) months by a corrupt district court judge, corrupt officers of the U.S. Department of Justice, and others. If a panel of the circuit

court of appeals which is considering the direct appeal of my conviction further sanctions this corruption and the injustice and inequity I am experiencing by ignoring or dismissing my appeal issues, I will be forced to suffer even further damages. The Constitution of the United States guarantees each citizen the right to due process of law and assistance of counsel in a criminal case. However, if this civil rights action is dismissed, the opportunity for me to take advantage of those constitutional guarantees would be greatly diminished. This action should be allowed to go forward so that substantial justice could be attempted.

WHEREFORE, I hereby respectfully request that this Court--

A. Declare that Senior Magistrate Judge Hagopian was incorrect in his finding that I had not shown cause as to why I had not served the named defendants in this action with process;

B. Allow the Bivens portion of this action to proceed so that justice and equity will not be subverted;

C. Allow this action to proceed on the other jurisdictional bases delineated in my Amended Complaint and Petition for Declaratory and Further Relief or, in the alternative, remand this action back to Senior Magistrate Judge Hagopian to address the other jurisdictional bases for this action; and

D. Provide such other and further relief as is authorized by law or equity.

Because all of the relevant information necessary for deciding this Objection to the Report and Recommendation is included in the Objection, and because my captors provide me with very few legal research materials, I have not included a separate memorandum of law.

Copies of this Objection have not been served upon the named defendants in this case because no magistrate judge ever ordered the clerk to sign and seal the proposed summonses and return them to me so that I could serve them, nor have any of the named defendants responded to the Notices of Lawsuit and Requests for Waiver of Service of Summons I mailed to them.

Dated: May 11, 2006

Respectfully submitted,

Steven A. Swan

Steven A. Swan, pro se
00259-049 Camp
Federal Medical Center, Devens
P.O. Box 879
Ayer, MA 01432