UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STEVEN A. SWAN
        v.                                          RI CA No. 05-491-T
                                                    NH CA No. 05-401-ECT
PAUL J. BARBADORO, et al.

## ORDER OF DISMISSAL

      Stephen A. Swan is serving a prison sentence after being convicted of obstructing and impeding the administration of tax laws (Count I); filing false return, statement and other document (counts II and III), aiding and assisting in the preparation of a false return, statement or other document(IV-XVIII). He brought this <u>Bivens</u> action against the judge who presided over his trial, the court reporter, the two prosecutors and an unnamed judge of the Court of Appeals. Since Swan failed to make timely service of process upon any of the defendants, this Court issued an order directing him to show cause why his case should not be dismissed. Swan responded to the order to show cause by citing New Hampshire Local Rule 4.3(d)(2) which provides for initial filings by inmates to be referred to a magistrate judge who "may appoint a person to effect service if the incarcerated person is proceeding in forma pauperis or . . . order the Clerk's office to issue summonses against the adverse party if the inmate pay the filing fee . . .". N.H.L.R. 4.3(d)(2).

      The matter was referred to a magistrate judge who issued a Report recommending that the case be dismissed for failure to make timely service and for failure to state a claim upon which relief

can be granted.

Swan correctly points out that, since this is a District of New Hampshire case that has been referred to this District, the "Local Rules of the originating court shall govern the case unless otherwise ordered by the judge who is presiding by designation" and that this Court has not otherwise ordered. However, as the magistrate judge pointed out, Swan's reliance on N.H.L.R. 4.3(d)(2) is misplaced because the rule merely <u>permits</u> a magistrate judge to appoint someone to effect service and it does so only if the incarcerated person is proceeding in forma pauperis. Moreover, the rule permits but does not require the magistrate judge to direct the clerk to issue summonses and does so only if the inmate has paid the filing fee. Here, Swan is not proceeding in forma pauperis and has not paid the filing fee.

This Court agrees with the magistrate judge's finding that Swan also has failed to state a claim on which relief can be granted because he does not allege that his conviction has been reversed on direct appeal, expunged by executive order or declared invalid. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487, 114 S. Ct. 2364, 2372-3 (1994). However, this Court does not base its decision on that ground because the show cause order does not provide Swan with notice of and an opportunity to address the issue.

Accordingly, Swan's complaint is hereby DISMISSED for failure to prosecute.

By Order

_/s/_____

                                                    Deputy Clerk
ENTER:

*Ernest C Torres*
Ernest C. Torres
Chief Judge
Date: May 25, 2006